# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>NICHOLAS HAMMER,<br><br>        Defendant. | Case No. CR-25-016-RAW |

## ORDER

The Defendant is charged in this case with one count of failure to register as a sex offender in violation of 18 U.S.C. §§ 2250(a)(1), 2250(A)(2)(B), and 2250(a)(3).  On March 25, 2025, the Defendant entered a plea of guilty.  On December 18, 2025, the Defendant filed a motion to withdraw his guilty plea.  The motion comes after nearly nine months.  The motion [Docket No. 39] and the Government's response filed on January 12, 2026 [Docket No. 44] are now before the court.

Rule 11 of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  The Defendant bears the burden of establishing a "fair and just reason" for withdrawal of his guilty plea.  *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (citation omitted).

In determining whether to allow the Defendant to withdraw his guilty plea, the court considers whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the motion, and if so, the reason for the delay, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available

to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources." *United States v. Byrum*, 567 F.3d 1255, 1264 (10th Cir. 2009) (citation omitted).  If the defendant cannot establish a fair and just reason for withdrawing his guilty plea through the first, fifth, and/or sixth factors – assertion of innocence, close assistance of counsel, and knowing and voluntary plea – the court need not address the remaining factors.  *Id*. at 1265.  The court addresses the first, fifth, and sixth factors first.

### *First Factor – Assertion of Innocence*

The Defendant asserts his innocence, arguing that he did not *know* that he was required to register and keep a current registration as required by the Sex Offender Registration and Notification Act ("SORNA").  The third element the Government would have to prove in the event of a trial is that the Defendant *knowingly* failed to register and keep a current registration as required by SORNA.

At the Defendant's plea hearing, he was placed under oath.  Docket No. 42, at 2-3.  The Defendant affirmed that he could read and understand the English language.  *Id*. at 8-9.  His attorney affirmed that he believed the Defendant fully understood the proceedings and was competent to proceed with the plea.  *Id*. at 10-11.  The Defendant affirmed twice that his guilty plea was made of his own free will because he was, in fact, guilty.  *Id*. at 16-17.

Magistrate Judge Snow asked the Defendant whether he believed that his attorney had fully considered the facts in this case, any defenses to the charges, and any other issues that may affect his plea, to which the Defendant affirmed, "yes, sir."  *Id*. at 23.  Magistrate Judge Snow then listed the elements the Government would have to prove if the Defendant elected to go to trial, including the third element – that he knowingly failed to register or update his registration as required by SORNA.  When asked if he understood the elements just read to him, the Defendant affirmed, "yes, sir."  *Id*. at 23-24.

2

When asked to provide the court with the factual basis upon which to find the Defendant guilty, his attorney included that the Defendant acknowledged his sex offender registration requirements on October 2, 2020.  *Id*. at 26-27.  He also included that when the Defendant was released on October 7, 2024 and was again shown the sex offender registration requirements, he refused to sign them.  *Id*. at 27.  He also included that the Defendant was again informed on October 15, 2024 by a Cherokee Nation Marshal of his registration requirements.  *Id*.

The Final Presentence Investigation Report ("PSR") states that the Defendant was informed of his requirement to register as a sex offender by the Cherokee Nation Marshal Service ("CNMS") on October 15, 2024.  Docket No. 38, at 4.  CNMS gave him until the following business day to register, yet he did not.  *Id*.  On November 4, 2024, CNMS arrested the Defendant for failure to register.  *Id*.  The PSR also notes that on October 2, 2020, on the Sex Offender Registration and Notice of Duty to Register paperwork, the Defendant initialed the requirement that he has three days to register upon release from incarceration.  *Id*.  He also initialed the requirements that he is required to register annually and to verify his address every ninety days for life.  *Id*.

The Defendant affirmed to Magistrate Judge Snow at his plea hearing that he initialed each page of his plea petition and signed the last page.  Docket No. 42, at 29-30.  The Defendant affirmed that he had no questions about the plea petition.  *Id*. at 30.  The Defendant pleaded "guilty" to Count One of the Indictment.  *Id*. at 31.  Magistrate Judge Snow then directed the Defendant to articulate in his own words what he did to make him guilty of the offense.  *Id*.

Most importantly here, when he reached the third element, Magistrate Judge Snow asked the Defendant, "at some point after that conviction, and it could have been many years later, did they go over with you, meaning the Department of Corrections or some officer, about your duty to register once you got out of jail?"  *Id*. at 32.  The Defendant answered, "yes."  *Id*.  The

3

Defendant had every opportunity at his plea hearing to inform Magistrate Judge Snow of his ignorance as to his registration requirements.  The court is not convinced by his recent claim of ignorance.  This factor weighs against the Defendant's motion to withdraw his guilty plea.

### Fifth & Sixth Factors – Assistance of Counsel & Knowing and Voluntary

The Defendant filed two *pro se* requests for new counsel after his guilty plea, noting that he is "not very educated on big words" in the first request, and claiming his innocence in the second. Nevertheless, it is clear from the transcript of the Defendant's plea hearing that he had close assistance of counsel.  It is also clear from the transcript that he knew of his registration requirements despite his lack of education in big words.  Finally, it is clear from the transcript that the Defendant was fully advised of his Constitutional rights, the charges against him, and the potential sentencing range at his change of plea hearing, and that his plea was knowing and voluntary.  These factors also weigh against the Defendant's motion to withdraw his guilty plea.

### Remaining Factors

While the court need not reach them, it notes that the remaining factors also weigh against the Defendant's motion to withdraw his guilty plea.  As noted above, the Defendant delayed in filing this motion for nearly nine months after his guilty plea.  Allowing him to withdraw the plea at this late date would prejudice the Government, inconvenience the court, and waste judicial resources. For the reasons stated herein and in the Government's response, the Defendant's motion to withdraw his guilty plea [Docket No. 39] is hereby DENIED.[*]

**IT IS SO ORDERED** this 5th day of February, 2026.

_Ronald A. White_

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

_____

[*] Defendant did not request an evidentiary hearing, and the court finds that he has not presented any factual issues that would necessitate an evidentiary hearing.